IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLES F. MANN, d/b/a**
**"Automotive Concepts,",**

        **Plaintiff,**

v.                                                                        CIV 10-1103 LAM/KBM

**AUTOMOBILE PROTECTION CORP.,**
**ADG, LLC, RON MATTSON, and**
**RODGER ANDERSON,**

        **Defendants.**

# ORDER DENYING AS MOOT MOTION TO DISMISS OR QUASH INSUFFICIENT SERVICE OF PROCESS, AND GRANTING JOINDER OF MOTION TO DISMISS OR TRANSFER VENUE

**THIS MATTER** is before the Court on Defendant ADG, LLC's *Motion to Dismiss or Quash Insufficient Service of Process or, in the Alternative, Joinder of Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue (Doc. 25)*, filed January 10, 2011. Plaintiff filed a response to the motion January 24, 2011 [*Doc. 33*], and Defendant ADG, LLC filed a reply February 10, 2011 [*Doc. 41*]. In its motion, Defendant ADG, LLC states that service of Plaintiff's complaint on ADG, LLC through Defendant Anderson was insufficient because Mr. Anderson is not authorized to receive service on behalf of ADG, LLC, and ADG, LLC asks that Plaintiff's complaint against it be dismissed. [*Doc. 25* at 3]. In the alternative, ADG, LLC states that if its motion to dismiss is denied, then it joins in *Defendant Automobile Protection Corporation's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue (Doc. 8)* and incorporates by reference all grounds asserted in the motion and in the brief in support of the motion *(Doc. 9)*. [*Doc. 25* at 3]. On February 14, 2011, Plaintiff filed an *Unopposed Motion*

*for Leave to File Amended Complaint* *(Doc. 45)*, in which Plaintiff states that he had improperly named Asset Development Group, LLC as a party in this case, instead of the proper party, ADG, LLC. [*Doc. 45* at 3-4]. The Court held a telephonic status conference in this case on February 16, 2011, at which counsel for all parties appeared, and at which counsel for ADG, LLC stated she would consult with her client regarding accepting service of the amended complaint now that ADG, LLC has been properly named in the case. [*Doc. 50* at 1]. Counsel for Plaintiff stated that the portion of this motion to quash insufficient service of process would be moot if ADG, LLC accepts service. *Id.* On February 18, 2011, ADG, LLC filed a *Waiver of the Service of Summons for ADG, LLC* *(Doc. 53)*, stating that counsel for ADG, LLC "waive[s] any objections to the absence of a summons or of service." [*Doc. 53* at 1]. Because ADG, LLC has now accepted service of Plaintiff's amended complaint, the Court finds that the motion to dismiss or quash insufficient service of process should be **DENIED as moot**. In addition, because Plaintiff does not oppose ADG, LLC's joinder in *Defendant Automobile Protection Corporation's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue* *(Doc. 8)* (*see* [*Doc. 33* at 6]), the Court further finds that ADG, LLC may join in *Defendant Automobile Protection Corporation's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue* *(Doc. 8)*.

      **IT IS THEREFORE ORDERED** that Defendant ADG, LLC's *Motion to Dismiss or Quash Insufficient Service of Process or, in the Alternative, Joinder of Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue* *(Doc. 25)* is, to the extent that ADG, LLC asks to dismiss Plaintiff's complaint against it or to quash insufficient service of process, **DENIED IN PART as moot**.

**IT IS FURTHER ORDERED** that Defendant ADG, LLC's motion is **GRANTED IN PART** and ADG, LLC may join in *Defendant Automobile Protection Corporation's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue* *(Doc. 8)*.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**