IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES F. MANN, d/b/a
"Automotive Concepts,",

        Plaintiff,

v.                                      CIV 10-1103 LAM/KBM

AUTOMOBILE PROTECTION CORP.,
RON MATTSON,
RODGER ANDERSON, and
ADG, LLC

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE

**THIS MATTER** is before the Court on *Defendant Automobile Protection Corporation's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue (Doc. 8)*, and brief in support of the motion [*Doc. 9*], both filed December 6, 2010. Plaintiff filed his response to the motion January 7, 2011 [*Doc. 23*], and Defendant Automobile Protection Corporation filed its reply January 24, 2011 [*Doc. 34*]. All other Defendants have joined in the motion. *See* [*Docs. 47*, *51*, and *54*] (orders granting Defendants Anderson, Mattson, and ADG, LLC's motions to join in Defendant Automobile Corporation's motion to dismiss or transfer venue).[1] Having reviewed the motion, response, reply, joinders in the motion, relevant law, and record of this case, the Court finds that the motion should be **GRANTED in part** to the extent it asks that the case be transferred and

---

[1]Plaintiff's claims against Defendant Ford Motor Credit Company have been dismissed without prejudice (*Doc. 37*), and ADG, LLC has been substituted as a Defendant for Asset Development Group, LLC (*Doc. 48*).

**DENIED in part** to the extent it seeks dismissal of the case, for the reasons set forth below. The action will be transferred in its entirety to the United States District Court for the District of Georgia.

## I. BACKGROUND

Plaintiff Charles F. Mann is a resident of the state of New Mexico, and is doing business as "Automotive Concepts." [*Doc. 23* at 3]. Defendant Automobile Protection Corporation (hereinafter "APCO")[2] is a Georgia Corporation, Defendant ADG, LLC, is an Arizona limited liability company, and Defendants Anderson and Mattson are residents of Arizona. *See* [*Doc. 23* at 3] and [*Doc. 49* at 1-2]. On June 1, 1995, Plaintiff entered into a contract (hereinafter "Agreement") with APCO "for the purpose of soliciting automobile dealerships to participate in the service and marketing of [Vehicle Service Contracts] and other produces [sic] sold and administered by APCO." [*Doc. 49* at 4]. Plaintiff claims that APCO represented to him that once an agent retained a dealership's business, the agent was no longer "subject to competition with other APCO agents." *Id.* Plaintiff states that "at the apparent inducement and cooperation of ADG, LLC, Mattson, and Anderson, APCO undertook numerous actions to improperly terminate its relationship with Mann and transfer the vested business represented by that relationship to ADG, LLC, Mattson and Anderson." *Id.* at 5-6. Specifically, Plaintiff alleges that on or about July 9, 2003, APCO set unreasonable production goals for him to meet in order to create a "lack of production" basis to terminate the Agreement; that in the spring of 2004, APCO removed West Texas from Plaintiff's territory to lower his production levels; and, on March 5, 2004, APCO terminated the Agreement for "lack of production." *Id.* at 6. Plaintiff claims this termination "removed [Plaintiff's] exclusive rights to

---

[2]The Court notes that Plaintiff incorrectly names APCO "*Automotive* Protection Corp.," instead of "*Automobile* Protection Corp." in the caption of documents he has been filing recently in this case. *See, e.g.,* [*Doc. 45*]. The Court instructs Plaintiff to correct the caption in any future filings.

existing dealerships and purportedly precluded him from obtaining new dealerships and customers." *Id.* Plaintiff further contends that APCO removed a number of accounts from him and reassigned them to Defendants ADG, LLC, Mattson, and Anderson. *Id.* at 6-7.

On September 30, 2010, Plaintiff filed a complaint in state district court. [*Doc. 1-1* at 6], and on November 19, 2010, APCO removed the action to this Court on the basis of diversity jurisdiction [*Doc. 1*]. Plaintiff filed an amended complaint on February 16, 2011, asserting claims for: (1) breach of contract against Defendant APCO; (2) breach of the duty of good faith and fair dealing against Defendant APCO; (3) tortious interference with contract against Defendants ADG, LLC, Mattson and Anderson; (4) conversion against Defendants APCO, ADG, LLC, Mattson and Anderson; (5) intentional misrepresentation against Defendant APCO; (6) negligent misrepresentation against Defendant APCO; and (7) prima facie tort against Defendants APCO, ADG, LLC, Mattson and Anderson. [*Doc. 49* at 7-13]. On December 6, 2010, APCO filed its motion to dismiss or transfer venue, asking the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer the action to the United States District Court for the Northern District of Georgia pursuant to either 28 U.S.C. §§ 1406(a) or 1404(a). [*Doc. 8* at 1]. In its brief in support of its motion, APCO invokes a forum selection clause contained in the Agreement, which APCO contends requires that this action be filed only in the state courts of Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia. [*Doc. 9* at 1-3] (citing Exhibit A, *Doc. 9-2* at 5). The forum selection provision states:

> XI. GOVERNING LAW; CONSENT TO JURISDICTION AND VENUE:
>
> This Agreement shall be construed under and governed by the laws of the State of Georgia, and any legal action taken regarding this Agreement shall be filed in the State or Superior Courts of Fulton County, Georgia or the United

3

States District Court, Northern District, Atlanta Division, and the parties consent to jurisdiction and venue in these courts.

[*Doc. 9-2* at 5]. APCO contends that the forum selection provision is valid, enforceable, and mandatory. [*Doc. 9* at 3-8]. APCO states that the forum selection provision requires dismissal of the case under Fed. R. Civ. P. 12(b)(3) because venue is not proper in New Mexico. [*Doc. 9* at 8-9]. In the alternative, APCO asks the Court to transfer venue to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1406(a) or 1404(a). *Id.* at 9-13.

In response, Plaintiff states that venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in New Mexico. [*Doc. 23* at 1 and 4] (quoting 28 U.S.C. § 1391(a)(2)). Plaintiff further contends that the forum selection provision does not warrant dismissal or transfer of this case because the provision: (1) is ambiguous; (2) does not extend to Plaintiff's tort claims against APCO or against the other Defendants who were not parties to the Agreement; and (3) is invalid because it was obtained by fraud or overreaching and enforcement of it would be unreasonable or unjust. *Id.* at 6-11. In addition, Plaintiff states that if the Court finds that the forum selection provision is mandatory and enforceable, Plaintiff asks the Court to either (1) exercise its discretion under Section 1404(a) and find that the factors set forth in *Chrysler Credit Corp. v. Country Chrysler Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) weigh in Plaintiff's favor and not transfer the case or (2) transfer the case to Georgia instead of dismissing Plaintiff's claims against Defendant APCO. *Id.* at 12-15.

After Plaintiff filed his response, Defendants Anderson, ADG, LLC, and Mattson all filed joinders in APCO's motion to dismiss or transfer venue. *See* [*Docs. 24*, *25*, and *44*, respectively].[3] In its reply to Plaintiff's response, APCO contends that: (1) the forum selection provision is mandatory; (2) the provision applies to all of Plaintiff's claims and to all Defendants because the claims all relate directly to the Agreement and all Defendants have joined in APCO's motion to dismiss or transfer venue and have agreed to submit to the jurisdiction of the federal court in Georgia; and (3) Plaintiff has not shown that the forum selection provision was the product of fraud or overreaching, or that litigation in Georgia would be manifestly inconvenient for him. [*Doc. 34* at 2-10].

## II. ANALYSIS

The first issue the Court must address is whether state or federal law applies to the validity and enforcement of the forum selection provision - an issue that is not settled in the Tenth Circuit. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (declining to decide the issue of whether state or federal law applies because "there are no material discrepancies between Colorado law and federal common law in these matters"). Because the courts of both New Mexico and Georgia follow federal law in analyzing forum selection provisions, the Court need not determine whether federal or state law applies in this case, and will apply federal law, since both of the parties have relied on federal law in their submissions. *See Mueller v. Sample*, 2004-NMCA-075, ¶ 10, 135 N.M. 748, 93 P.3d 769 (citing federal cases and stating that "[t]he rule is that when venue is specified in a forum selection clause with mandatory or obligatory language,

---

[3]Although the Court refers to APCO's arguments in its motion, the Court considers these arguments as pertaining to the other Defendants, as well, who have joined in APCO's motion. For ease in discussing these arguments, the Court refers to "APCO" but considers the arguments as being asserted by all Defendants.

the clause will be enforced") (citations omitted); *SR Bus. Servs., Inc. v. Bryant*, 600 S.E.2d 610, 612 (Ga. Ct. App. 2004) (explaining that "Georgia adopted the United States Supreme Court's analysis regarding the enforcement of forum selection clauses") (citations and internal quotation marks omitted); *see also Knight Oil Tools, Inc. v. Unit Petroleum Co.*, No. CIV 05-0669 JB/ACT, 2005 WL 2313715 at *9 (D. N.M. Aug. 31, 2005) (unpublished) (applying federal law to issue of forum selection provision after determining that Oklahoma and New Mexico law both follow federal law).

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992) (citations omitted). On a Rule 12(b)(3) motion, the Court may consider facts outside the pleadings, and facts alleged in the complaint are assumed to be true to the extent they are not controverted by evidence presented by Defendants. *See Pierce v. Shorty Small's of Branson Inc.,* 137 F.3d 1190, 1192 (10th Cir. 1998) (explaining that the plaintiff may rely on the well pled facts of the complaint "only to the extent that such facts are uncontroverted by defendant's affidavit") (citations omitted), and *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty,* 408 F.3d 1250, 1254 (9th Cir. 2005) (stating that in considering a Rule 12(b)(3) motion, "the pleadings need not be accepted as true, and facts outside the pleadings properly may be considered") (citation omitted). The Court views the facts and evidence in the light most favorable to Plaintiff, as the non-moving party.

### A. <u>Valid and Enforceable Forum Selection Provision</u>

The Court must determine whether the forum selection provision in the Agreement is valid and enforceable. The United States Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*,

407 U.S. 1, 10 (1972). A party resisting enforcement of a forum selection provision "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley*, 969 F.2d at 957 (citations omitted), *see also M/S Bremen*, 407 U.S. at 15 ("[T]he forum selection clause should control absent a strong showing that it should be set aside."). To overcome the presumption that a forum selection provision is valid, a party must make "a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice." *Id.* at 958. Minor inconvenience does not justify non-enforcement of a forum-selection clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991).

Plaintiff contends that he was induced to enter into the Agreement by fraud and intentional misrepresentations made by APCO, so the forum selection provision is unenforceable. [*Doc. 23* at 8] (citing *Doc. 1-1* at 9-10 and 15-16). This argument fails because "[a] general claim of fraud or misrepresentation concerning an entire contract does not affect the validity of a forum selection clause." *Barton v. Key Gas Corp.*, No. 05-cv-1856-REB-PAC, 2006 WL 2781592, at *2 (D. Colo. Sept. 26, 2006) (unpublished) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). Plaintiff does not allege that the inclusion of the forum selection provision specifically was the result of fraud, so the Court finds that the provision is not invalid due to fraud.

Next, Plaintiff contends that the forum selection provision is the result of overreaching because Plaintiff and APCO "were in unequal bargaining positions," and because the Agreement "is a contract of adhesion." [*Doc. 23* at 8]. Plaintiff states that "the Agreement was provided to him by APCO as a form document, the terms of which were not negotiable and the language of which APCO was not prepared to change." [*Doc. 23* at 9] (citing Plaintiff's Affidavit, *Doc. 23-1* at ¶ 3). Plaintiff further states that he "was an individual needing the business with APCO, a foreign

corporation, and he felt that he did not have the power to require APCO to negotiate or change any terms of the agreement, including the forum selection clause." *Id.* This argument also fails because unequal bargaining position and form contracts do not invalidate forum selection provisions. *See, e.g., Carnival Cruise Lines, Inc.*, 499 U.S. at 593-94 (1991) (enforcing a forum selection provision found in the form contract attached to a Carnival Cruise Line ticket); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992) (enforcing forum selection provision against individual who entered into a contract with a corporation); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221 n.26 (5th Cir. 1998) (holding that a forum selection provision was enforceable even when the parties did not negotiate for the provision). The fact that Plaintiff is an individual and the contract was presented to him as a form contract does not invalidate the forum selection provision, and Plaintiff's belief that he could not negotiate or change the terms of the Agreement does not rise to the level of overreaching that would make it unreasonable or unfair to enforce the forum selection provision.

Plaintiff next contends that even if the forum selection provision is not fraudulent or the result of overreaching, enforcement of the provision would be unreasonable or unjust because dismissal of APCO for improper venue or transfer of the case to Georgia would be inconvenient for Plaintiff. [*Doc. 23* at 9]. The basis for his argument is that, at the time he filed his response, Plaintiff "anticipated that [the other Defendants] will resist transfer of the case to the federal Court in Georgia," leaving Plaintiff to litigate two separate lawsuits in two venues. *Id.* at 10. Plaintiff states that because of limited resources, he would be unable to maintain two separate lawsuits. *Id.* Plaintiff also states that he is in poor health which impairs his ability to travel. *Id.* at 10-11. To invalidate a forum selection provision for reasons of inconvenience, however, a party must show that enforcement of the provision would cause an inconvenience "so serious as to foreclose a

remedy." *Riley*, 969 F.2d at 958. The Court finds that Plaintiff does not make this showing. Since all Defendants have now joined in the motion to dismiss or transfer venue, and have agreed to submit to the jurisdiction of the federal court in Georgia, Plaintiff does not face litigating his claims in two lawsuits in two different states. *See* [*Docs. 24*, *25*, and *44*]. In addition, while the Court understands that Plaintiff's health condition would make litigation in Georgia more inconvenient, Plaintiff does not establish that it would foreclose a remedy for him. *See, e.g., Levesque v. Trans Union, LLC*, No. 2:09-cv-01393-RLH-LRL, 2010 WL 3522264, at *3 (D. Nev. Sept. 1, 2010) (unpublished) (enforcing forum selection provision even though the plaintiff suffered from a heart condition requiring him to be housebound and claimed an economic hardship in the transfer of venue); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp.2d 855, 861-62 (N.D. Cal. 2010) (enforcing forum selection provision where the plaintiff could not sit in the same position for more than twenty minutes, could not fly across the country, and could not afford the airfare). Even though Plaintiff states that his medical problems make it "difficult to travel," the Court finds that enforcement of the forum selection provision is not unreasonable or unjust. For these reasons, the Court finds that Plaintiff has not met the burden of showing that the provision is invalid due to fraud or overreaching, or that enforcement of the provision would be unreasonable and unjust under the circumstances.

### B. Mandatory Forum Selection Provision

Having found that the forum selection provision is valid and enforceable, the Court next must determine whether it is mandatory or permissive. "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum," while permissive clauses do not expressly prohibit litigation in other forums. *Excell, Inc.*, 106 F.3d at 321 (internal quotation marks omitted). When a forum selection provision specifies venue, "such as

9

when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language," then the forum selection provision "will be enforced as mandatory." *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) (citation and footnote omitted).  Forum selection provisions that only specify jurisdiction, will be enforced only "if there is some additional language indicating the parties' intent to make venue exclusive." *Id.*

Plaintiff contends that the use of the word "shall" in the forum selection provision is ambiguous because it does not refer to venue directly, so the Court should find that the provision is permissive. [*Doc. 23* at 6] (citing *K&V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494 (10th Cir. 2002)).  The Court finds this argument unpersuasive because the forum selection provision at issue here specifies a particular tribunal or tribunals and contains language indicating intent to make that venue exclusive.  The forum selection provision in *K&V Scientific* contains language that refers only to jurisdiction and does so in non-exclusive terms. *See K&V Scientific*, 314 F.3d at 496 (considering forum selection provision stating, "[j]urisdiction for all and any disputes arising out of or in connection with this agreement is Munich.  All and any disputes arising out of or in connection with this agreement are subject to the laws of the Federal Republic of Germany.").  In contrast, the language in the forum selection provision in this case states that "any legal action taken regarding this Agreement *shall be filed in* the State or Superior Courts of Fulton County, Georgia or the United States District Court, Northern District, Atlanta Division," (*Doc. 9-2* at 6) (emphasis added), which indicates that the parties intended to make venue exclusive to the courts listed in the provision. *See, e.g., Hunnicutt v. CHF Solutions, Inc.*, No. 10-CV-0042-CVE-FHM, 2010 WL 1078470 at *4 (N.D. Okla. Mar. 18, 2010) (unpublished) (holding that the language, "shall be litigated only in the courts of the State of

Minnesota, County of Hennepin," was mandatory language).  In addition, the language specifying where any legal action regarding the Agreement shall be filed would be superfluous if it did not mean that venue was exclusive in those courts.  *See, e.g., Frietsch v. Refco, Inc.*, 56 F.3d 825, 827 and 829 (7th Cir. 1995) (holding that forum selection clause stating, "place of jurisdiction . . . is the registered office of the trustee [in Germany], to the extent permissible under the law," is mandatory because the phrase "to the extent permissible under the law" would otherwise have no function if a party could sue anywhere he wanted); *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 755-756 (7th Cir. 1992) (holding that the clause, "[i]n all disputes arising out of the contractual relationship, the action shall be filed in the court which has jurisdiction for the principal place of business of the supplier . . . .  The supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business," is mandatory because the last sentence "would be appropriate and meaningful only if the clause were in fact mandatory").  For these reasons, the Court finds that the forum selection provision is mandatory.

### C.  Application to Tort Claims

Next, Plaintiff contends that the forum selection provision does not apply to his tort claims against APCO for tortious conduct outside the Agreement, or to his tort claims against other Defendants who are not parties to the Agreement.  *See* [*Doc. 23* at 7-8].  APCO, on the other hand, contends that all of Plaintiff's claims "relate directly to the agreement" and, therefore, are covered by the forum selection provision.  [*Doc. 34* at 4].

The Court finds that Plaintiff's argument that his tort claims against APCO and all of his claims against the other Defendants are not covered by the forum selection provision fails.  Even though the Tenth Circuit has not addressed this issue, the United States Supreme Court has applied a forum selection provision in a case involving tort claims.  *See Carnival Cruise Lines, Inc.*,

11

499 U.S. at 588 (applying forum selection provision to tort claims).  In addition, other Courts of Appeal have held that where tort claims "ultimately depend on the existence of a contractual relationship" between the parties, such claims are covered by a contractually-based forum selection clause, despite the "pleading of alternative non-contractual theories of liability." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983) (*overruled on other grounds, Lauro Lines v. Chasser*, 490 U.S. 495 (1989)); *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993) (holding that "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties").  In addition, the Ninth Circuit has enforced a forum selection provision in favor of defendants who were not parties to the contract. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (explaining that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses . . . [where] the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants.") (citations omitted).  The Court is persuaded by the reasoning of these cases, and finds that all of Plaintiff's claims are related to his contract claims because they involve the same operative facts and will require the fact-finder to determine the terms of the Agreement and whether APCO complied with those terms, and whether the other Defendants interfered with the Agreement, converted the "fruits of the contractual relationship," or acted intentionally to "disrupt, destroy, convert and improperly benefit from the property . . . of [Plaintiff]." *See* [*Doc. 49* at 9, 10 and 12].  The broad language in the forum selection provision covers "any legal action regarding this Agreement," which further supports that it is broad enough to include Plaintiff's tort claims against all defendants.  *See, e.g., Knight Oil Tools, Inc.*, 2005 WL 2313715, at *13 (finding that a forum selection clause stating that "any action involving

this contract" encompassed tort claims). Moreover, the Court notes that it would be unfair to allow Plaintiff to evade his contractual choice of forum by asserting tort claims or naming parties who are not part of the Agreement as defendants. In addition to APCO, the other Defendants have agreed to submit to the jurisdiction of the federal court in Georgia and there is no reason why all of Plaintiff's claims cannot be litigated in the Georgia federal court. For these reasons, the Court finds that the forum selection provision extends to all of Plaintiff's claims.

### D.  Dismissal of Action or Transfer of Venue

Having found that the forum selection provision is valid and enforceable, mandatory, and encompasses all of Plaintiff's claims against all Defendants, the Court must next determine whether to dismiss this case or transfer venue. APCO asks the Court to dismiss this case under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) because the forum selection provision makes venue improper in New Mexico. [*Doc. 9* at 8-9 and *Doc. 34* at 11-12]. Alternatively, APCO states that the Court should transfer the case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1406(a) or 1404(a). [*Doc. 9* at 9-13, *Doc. 34* at 11-12]. Plaintiff responds that venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in New Mexico. [*Doc. 23* at 1]. Plaintiff further contends that if the Court decides to enforce the forum selection provision, the Court should not dismiss the case, but instead should analyze whether to transfer the case under Section 1404(a). *Id.* at 12. Plaintiff states that, if the Court finds the forum selection provision mandatory and enforceable, he prefers that the Court transfer, rather than dismiss, the case so that Plaintiff would not have to incur the expense and additional burden of having to refile the case in Georgia. *Id.*

Courts differ on which standard to apply when a party moves to transfer venue because of a forum selection provision. Some courts have treated valid and mandatory forum selection

13

provisions as making venue improper in any other forum (*i.e.*, requiring either dismissal or transfer), and apply 28 U.S.C. § 1406(a). *See Knight*, 2005 WL 2313715, at *13 and n.7 (finding that a mandatory and enforceable forum selection provision required either dismissal or transfer of the case under 28 U.S.C. § 1406(a)). However, the United States Supreme Court has indicated that a motion to transfer venue based on a forum selection provision invokes the standard for convenience-transfers under 28 U.S.C. § 1404(a). *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (analyzing the effect of the parties' forum selection provision under Section 1404(a)). Because the law is unsettled about whether a valid and mandatory forum selection clause makes venue improper in New Mexico, such that Section 1406(a) analysis would apply and require either dismissal or transfer in the interest of justice, or if the Court should follow a Section 1404(a) analysis because venue is proper in either forum such that transfer is discretionary, the Court will conduct an analysis under both statutes. The Court need not decide the issue of "improper venue" because under either statute, using the interest of justice analysis or convenience and fairness analysis, the Court concludes that the case should be transferred.

Assuming, without deciding, that this mandatory and enforceable forum selection provision makes venue improper in New Mexico, the Court is required to follow Section 1406(a) and either dismiss the case or transfer the case to Georgia "in the interest of justice." 28 U.S.C. § 1406(a). The term "in the interest of justice" has not been defined by the Tenth Circuit, but other courts have held that it requires the Court to consider: (1) whether the statute of limitations will bar Plaintiff from re-filing his complaint (*see United States v. Miller-Stauch Constr. Co., Inc.*, 904 F.Supp. 1209, 1214) (D. Kan. 1995)); (2) whether Plaintiff filed his complaint in this Court in bad faith or to harass Defendants (*see King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)); and (3) whether Plaintiff was forum shopping (*see Wood v. Santa Barbara Chamber of Commerce, Inc.*,

705 F.2d 1515, 1523 (9th Cir. 1983)). The Court finds no information in the record regarding whether the statute of limitations has run on Plaintiff's claims; however, the Court also finds that there is no evidence that Plaintiff filed this case in this Court in bad faith, or to harass Defendants, or to forum shop. For those reasons, the Court finds no reason to dismiss the case, and pursuant to Section 1406(a), the case should be transferred in the interest of justice.

Assuming, without deciding, that the forum selection provision does not necessarily make venue improper in New Mexico, under Section 1404(a), the Court may, in its discretion, transfer the case in the interest of convenience and fairness, and should consider factors such as: (1) the plaintiff's choice of forum; (2) accessibility of witnesses and other sources of proof; (3) costs of making the necessary proof; (4) enforceability of any judgment; (5) advantages and obstacles to a fair trial; (6) difficulties arising from congested dockets; (7) issues regarding conflicts of laws; and (8) the advantage of having a local court determine questions of local law. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation and internal quotation marks omitted). Under Section 1404(a), the Court finds that the case should be transferred because (1) as set forth in Section II.A. above, Plaintiff has not demonstrated a significant inconvenience in having to proceed with his case in Georgia; (2) all parties have agreed, either by contract or by joining in APCO's motion, to submit to the jurisdiction of the transferee court; and (3) a mandatory and valid forum selection provision is to be given significant weight in the Court's Section 1404(a) analysis. *See Stewart Org., Inc. v. Ricoh Corp*, 487 U.S. 22, 29 (1988) ("The presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus."). For these reasons, the Court finds that also under Section 1404(a), the case should be transferred to the United States District Court for the Northern District of Georgia.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the forum selection provision in the Agreement entered into by Plaintiff and Defendant APCO is valid and enforceable, mandatory, and applies to Plaintiff's tort claims against APCO and to his claims against the other Defendants. The Court further finds that under either Section 1406(a) or Section 1404(a), transfer of this case to the United States District Court for the Northern District of Georgia is appropriate and in the interest of justice, convenience, and fairness.

**IT IS THEREFORE ORDERED** that *Defendant Automobile Protection Corporation's Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue* (Doc. 8) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent Defendant APCO asks for this case to be transferred to the United States District Court for the Northern District of Georgia, and is **DENIED** to the extent Defendant APCO asks for this case to be dismissed.

**IT IS FURTHER ORDERED** that the clerk of the Court take the necessary steps to **TRANSFER** this case to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**